PETER G. ARNOT, Respondent, v. ISAAC C. BIRCH, Appellant, Impleaded with Others.

*Judgment creditor's action — only the immediate grantees of the judgment debtor made parties — subsequent grantees whose conveyances are not attacked are not necessary parties — a defendant against whom no relief is asked cannot demur upon the ground of a defect of parties — a demurrer on the ground that six persons are necessary defendants where in fact only four are.*

A creditor's action, brought to set aside certain alleged fraudulent conveyances made by a judgment debtor, was brought against him and his immediate grantee only, although it appeared by the allegations of the complaint that such grantees had conveyed the property in question to other parties. The relief demanded was that the several conveyances made by the judgment debtor be declared fraudulent as against his creditors ; that the immediate grantees of the judgment debtor be required to account for all the proceeds of the sale of any of the tracts of land thus conveyed to them, and for the rents and profits, and that a receiver be appointed and authorized to sell and dispose of said real property or so much thereof as might be necessary to pay the judgment of the plaintiff.

*Held,* that as the complaint only sought to compel the grantees of the judgment debtor to account for the proceeds of the property conveyed by them, their own grantees and mortgagees were not necessary parties to the action.

A defendant in such an action who has simply received and transferred the title to property of the judgment debtor, and against whom no relief is asked, is not in a position to demur upon the ground of a defect of parties.

*Quære,* whether a demurrer to a complaint upon the ground that the ultimate rights of all the parties in interest cannot be determined without the presence of six individuals alleged to be necessary defendants, can be sustained by proof that but four of them are necessary parties defendant.

APPEAL by the defendant, Isaac C. Birch, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 19th day of February, 1898, upon the decision of the court rendered after a trial at the New York Special Term overruling the said defendant's demurrer to the plaintiff's complaint.

*George H. Taylor, Jr.,* for the appellant.

*J. Woolsey Shepard,* for the respondent.

INGRAHAM, J.:

The defendant demurs to the complaint upon the ground that there is a defect of parties defendant, in that the ultimate rights of all parties in interest cannot be protected or determined or the relief prayed for herein lawfully decreed without the presence of six individuals named in the demurrer as necessary defendants. The demurrer was overruled at Special Term, but upon this appeal the appellant only claims that four of the six persons named were necessary parties defendant. The defect pointed out by the demurrer is that these six persons are not parties, and it is a question whether the demurrer could be sustained unless it appeared that all of the six persons named were necessary parties defendant. Assuming, however, that the demurrer is sufficient to sustain the objection to the complaint urged upon this appeal, we think that neither of these parties named is a necessary party defendant to the action. There is a distinction taken by the Code between the parties necessary to a complete determination of the controversy and those persons who may be named parties because of some interest in the subject-matter of the action. A demurrer is proper only where some person, a necessary party to the action, has not been made such a party. By section 452 of the Code it is provided : " The court may determine the controversy, as between the parties before it, where it can do so without prejudice to the rights of others or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in."

The action is a creditor's bill, brought to set aside the conveyance by the defendant John A. Knox of certain real estate in the

## 358 ARNOT *v.* BIRCH.

city of New York, made, as alleged, to defraud creditors. The property conveyed by Knox is described as seven separate pieces of property, and it is alleged that the said Knox conveyed said property to various defendants in this action for a nominal consideration, "parcel No. 5," described in the complaint, having been conveyed to this appellant, who subsequently conveyed the premises to the defendant Purdy, a daughter of the said Knox. The complaint also alleges that Knox and wife conveyed the property described as "parcel No. 6" to the defendant J. Homer Hildreth. The complaint then alleges that Hildreth, by a deed of conveyance in writing, conveyed, or attempted to convey, a portion of the premises described as "parcel No. 6" to the defendant Frederick A. Strang. Strang, however, although described in the complaint as a defendant, was not made a party defendant. This deed to Strang was alleged to have been delivered for a consideration in an amount unknown to the plaintiff, which was received by the defendant Hildreth. The complaint further alleges that a portion of "parcel No. 6" was conveyed by said Hildreth to the defendant Martin C. Lavelle. Lavelle, however, is not made a party defendant. The complaint further alleges that the defendant Hattie Knox procured a loan from one Anna M. Rogers, secured by a mortgage upon "parcel No. 1" in the sum of $5,000. Anna M. Rogers is not made a party defendant. The complaint further alleges that the defendant Julia S. Purdy procured a loan from one William H. Payne, which was secured by a mortgage upon the premises described as "parcel No. 4" of $1,600. William H. Payne is not made a party to the action, and the demurrer is sought to be sustained by the appellant upon the ground that these individuals named were necessary parties.

The relief demanded in the complaint is that these several conveyances, made by Knox, be declared as fraudulent and void as against the creditors of the said defendant John A. Knox; that the defendants Hattie Knox and J. Homer Hildreth be required to account for all proceeds of the sale of any of the tracts of land conveyed by the said Knox to Hildreth, or to Hattie Knox, and for the rents and profits of the real estate purported to be conveyed; and that a receiver be appointed and authorized to sell and dispose of said real property, or so much thereof as may be necessary to pay the judgment obtained by the plaintiff against Knox.

We do not think that to this action either of the parties named was a necessary party defendant. The relief demanded is that the grantee of the property, who received the same without consideration and for the fraudulent purposes described in the complaint, account to the plaintiff and to a receiver appointed in the action for the proceeds of the property actually sold or mortgaged by them. No demand is made in the complaint that such conveyances and mortgages to the persons not parties to the action be set aside or declared void. The controversy in this action is, therefore, not as to the validity of these mortgages and conveyances to the persons named by the appellant as necessary parties, but the complaint recognizes the validity of these conveyances and mortgages, and only seeks to compel the defendants who executed such conveyances and mortgages and received the proceeds thereof, to account to the plaintiff for such proceeds as property of the judgment debtor. The complete determination of this controversy, viz., who is entitled to the proceeds of the property mortgaged and sold by Knox's grantees, can be made without the presence of the persons to whom such conveyances and mortgages were made, as the complaint does not seek to have these mortgages and conveyances set aside. A complete determination of this controversy, therefore, does not require the presence of such grantees or mortgagees as parties defendant.

It is also clear that this demurrer was not well taken for the reason assigned by the learned trial judge at Special Term, viz., that as to the controversy between the plaintiff and this defendant who demurs, these persons named are not in any way interested. By this creditors' bill the conveyance of seven separate pieces of property is sought to be effected. But one of those pieces of property was conveyed to this appellant, the demurring defendant. As to that piece of property, neither of the persons named has or claims any interest in it, and none of the persons named could possibly be a necessary party in the determination of the controversy between this demurring defendant and the plaintiff. This demurring defendant, upon the allegations of the complaint, has now no interest in this property, he being simply the conduit through which the property was conveyed from Knox to the defendant Purdy, Knox's daughter. As to this controversy between the plaintiff and the demurring defendant, it is perfectly clear that the court could deter-

mine it as between the parties to the action without the presence of the other parties named; and in such a case there is no defect of parties of which this demurring defendant can complain. The fact that this demurrer is not really interposed in good faith is apparent, as no relief is asked against this demurring defendant.

We think the demurrer was properly overruled, and the judgment is affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and McLAUGHLIN, JJ., concurred.

Judgment affirmed, with costs.